```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Kenneth E. Haggard, et al.,    :

    Plaintiffs,            :

  v.                          :         Case No. 2:09-cv-1144

John S. Stevens,               :         JUDGE GRAHAM

    Defendant.             :

<u>ORDER</u>

    On March 10, 2010, defendant John S. Stevens moved for a twelve-day extension of time to move or plead in response to the complaint. He had previously gotten a twenty-one day extension by agreement with the plaintiffs. His motion explains that he needs twelve more days to respond because he did not receive approval of his request for representation by the United States Attorney's Office as to the individual capacity claims until March 2, 2010, and his counsel needs more time to prepare an adequate response. In opposition, plaintiffs argue that because Mr. Stevens had sixty days in which to answer after having been served, and had an extra twenty-one days after that because of the stipulation, he needs no more time to file an answer. Plaintiffs also suggest that there are ulterior reasons for the additional delay having to do with some administrative proceeding which was recently filed.

    Since the early days of application of the Federal Rules of Civil Procedure, it has been widely agreed that "[p]ermission to plead after the allotted time is a matter for the discretion of the trial judge ...." <u>Orange Theatre Corp. v. Rayherstz Amusement Corp.</u>, 130 F.2d 185, 187 (3d Cir. 1942). Under Fed.R.Civ.P. 6(b), "[e]xtensions always may be asked for, and usually are granted upon a showing of good cause, if timely made

....." Creedon v. Taubman, 8 F.R.D. 268, 269 (N.D. Ohio 1947). Of course, prejudice to the non-moving party is always a consideration when any request for an extension is made pursuant to Rule 6(b). See, e.g., Florer v. Electronic Data Systems, 2004 WL 1562851 (N.D. Tex. July 13, 2004). Overall, the Court's discretion is to be exercised in light of Rule 1's admonition to further the just, speedy, and inexpensive determination of each case before the Court. See 48 C. Wright & A. Miller, Federal Practice and Procedure, §1165 (3d Ed., Current through 2009 Update).

Applying these principles here, and following the usual practice of this Court in granting extensions of time to move or plead when to do so will not materially affect the progress of the case, it is clear that Mr. Stevens' motion has put forth a facially valid reason for a brief extension. The speculation in the opposing memorandum that the extension is designed to allow some manipulation of the litigation process, to plaintiffs' detriment, is factually unsupported. Consequently, the motion to extend will be granted.

For the foregoing reasons, the motion of defendant John S. Stevens for an extension of time to move or plead in response to the complaint (#12) is granted. The new date to move or plead is March 31, 2010.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set

aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge